NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MD NASIM UDDIN MISHU,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 16-73053<br><br>Agency No. A206-677-795<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022**

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Md Nasim Uddin Mishu, a native and citizen of Bangladesh, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

remand and dismissing his appeal from an immigration judge's decision denying

his application for asylum, withholding of removal, and relief under the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review for abuse of discretion the BIA's denial of a motion to remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on a lack of detail in Mishu's testimony about his political party and the harm he experienced, and inconsistencies within his testimony as to the timing of the attack on the bridge and the fate of his brother. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under "the totality of the circumstances"). Mishu's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Substantial evidence also supports the agency's determination that Mishu did not present documentary evidence that would otherwise establish his eligibility for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (applicant's documentary evidence was insufficient to rehabilitate his testimony). Thus, in the absence of credible testimony, in this case, Mishu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence supports the agency's denial of Mishu's CAT claim

because it was based on the same testimony the agency found not credible, and Mishu does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Bangladesh. *See Shrestha*, 590 F.3d at 1048-49.

The BIA did not abuse its discretion in denying Mishu's motion to remand where he failed to establish the evidence submitted would likely change the result in this case. *See* 8 C.F.R. § 1003.2(c)(1); *Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (individuals seeking remand or reopening "bear a heavy burden of proving that, if proceedings were reopened, the new evidence would likely change the result in the case." (internal quotation marks omitted)); *see also Angov v. Lynch*, 788 F.3d 893, 897 (9th Cir. 2015) ("Since a motion to remand is so similar to a motion to reopen, the motion to remand should be drafted in conformity with regulations pertinent to motions to reopen." (citation and internal quotation marks omitted)).

**PETITION FOR REVIEW DENIED.**